UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANKLYN M. MALDONADO,

                Plaintiff,

-against-

ANTHONY J. ANNUCCI, et al.,

                Defendants.

23-CV-10566 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently in the custody of the New York State Department of Corrections and Community Supervision at Orleans Correctional Facility, brings this action *pro se*. Plaintiff asserts claims under 42 U.S.C. § 1983 for excessive force, arising from events on January 6, 2023, at Upstate Correctional Facility in Franklin County. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

### DISCUSSION

    Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

    Plaintiff alleges that on January 6, 2023, at Upstate Correctional Facility, multiple correctional officers assaulted him. (ECF 1 at 5-6.) Upstate Correctional Facility is in Franklin

County, which is in the Northern District of New York. 28 U.S.C. § 112(a). Because Plaintiff alleges that all of the events giving rise to his claims took place outside this district, venue is not proper in this district under Section 1391(b)(2). It is also not clear whether venue lies in this district under Section 1391(b)(1), on the grounds that all defendants reside in New York and at least one defendant resides in this district.

Venue under Section 1391(b)(2) is proper in the Northern District of New York, where Plaintiff's claims arose.

Even when venue is proper in the district where the plaintiff has filed an action, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. All of the underlying events occurred in Franklin County, and it is reasonable to expect that witnesses and

relevant documents would be found in that district. The Northern District of New York thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 4, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[1] Plaintiff has not yet submitted filing fees or a request to proceed *in forma pauperis* and prisoner authorization form.